UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SEAN TAPP,

                              Plaintiff,

      -against-                        9:05-CV-1442
                                          (LEK/DRH)

LLOYD TAYLOR, C.O. ST. LOUIS,
Captain; and DONALD SELSKY,

                              Defendants.

_____

## DECISION AND ORDER

      This matter comes before the Court following a Report-Recommendation filed on August 15, 2008 by the Honorable David R. Homer, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b) and L.R. 72.3 of the Northern District of New York.  Report-Rec. (Dkt. No. 47).  After ten days from the service thereof, the Clerk has sent the entire file to the undersigned, including the objections by Sean Tapp, which were filed on August 25, 2008, and the objections by Defendants Lloyd Taylor, St. Louis, and Donald Selsky, which were filed on September 5, 2008.  Tapp Objections (Dkt. No. 49); Defendants' Objections (Dkt. No. 51).

      It is the duty of this Court to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b).  "A [district] judge... may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  Id.  This Court has considered the objections and has undertaken a de novo review of the record and has determined that the Report-Recommendation should be approved for the reasons stated therein.

1

The Court notes that Defendants, in their Objections, submitted additional materials and legal arguments regarding Plaintiff's Eighth Amendment excessive force claim, including Plaintiff's deposition.  See Dkt. No. 51.  The Court has the discretion to not consider the additional submissions, since they were not before the magistrate judge.  See, e.g., Paddington Partners v. Bouchard, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") (internal quotation marks and citations omitted); Alexander v. Evans, 88-CV-5309, 1993 WL 427409, at *18 n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) (citation omitted).  However, the Court has reviewed Defendants' submissions in their entirety and determined that they do not establish that there is no genuine dispute of material fact to be decided with respect to any essential element of the claim in issue, as would be required for the Court to grant Defendants' Motion on this claim.   Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, n.4 (1986). Accordingly, Defendants' Motion for summary judgment is denied as to the excessive force claim against Taylor.

The Court also notes that for purposes of a summary judgment motion, the Court may look to matters beyond the pleadings.  See, e.g., Headley v. Fisher, 06 Civ. 6331(PAC)(KNF), 2008 WL 1990771, at *9 (S.D.N.Y.2008).  Considering the entirety of Plaintiff's submissions along with the liberal construction that must be given the submissions of a *pro se* plaintiff, the Court will maintain Plaintiff's Eighth Amendment claim regarding conditions of confinement.  See, e.g., Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994) (noting, in reviewing a summary judgment motion, that the Court must read *pro se* plaintiff's "supporting papers liberally, and [] interpret them to raise the

2

strongest arguments that they suggest").  Because the conditions of confinement claim was not addressed in Defendants' present Motion for summary judgment, Defendants will have thirty (30) days from the date of this Order to submit a summary judgment motion regarding that claim.

Accordingly, it is hereby

**ORDERED**, that the Report-Recommendation (Dkt. No. 47) is **APPROVED** and **ADOPTED** in its **ENTIRETY**; and it is further

**ORDERED**, that Plaintiff Tapp's Motion for summary judgment (Dkt. No. 42) is **DENIED** in all respects; and it is further

**ORDERED**, that Defendants' cross-Motion for summary judgment (Dkt. No. 45) is **DENIED** as to Tapp's Eighth Amendment claim of excessive force against Taylor and as to Tapp's Eighth Amendment claim regarding conditions of confinement; and it is further

**ORDERED**, that Defendants' cross-Motion for summary judgment (Dkt. No. 45) is **GRANTED** in all other respects; and it is further

**ORDERED**, that Defendants shall have **thirty (30) days** from the date of this Order to submit a Motion for summary judgment regarding Plaintiff Tapp's Eighth Amendment claim regarding conditions of confinement; and it is further

**ORDERED**, that the Clerk serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:        September 24, 2008
                      Albany, New York

Lawrence E. Kahn
U.S. District Judge